### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GARMIN INTERNATIONAL, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-CV-2080 JWL/GLR |
| ) | |
| PIONEER CORPORATION and ) | **JURY TRIAL DEMANDED** |
| PIONEER ELECTRONICS (USA), INC. ) | |
| ) | |
| Defendants. ) | |
| ) | |

### COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Garmin International, Inc. ("Garmin") hereby complains as follows against Defendants Pioneer Corporation and Pioneer Electronics (USA), Inc. (collectively referred to as "Pioneer").

### PARTIES

1. Garmin International, Inc. is a Kansas corporation with its principal place of business at 1200 East 151st Street, Olathe, Kansas 66062.

2. On information and belief, Pioneer Corporation is a Japanese corporation with its principal place of business at 1-4-1 Meguro, Meguro-ku, Tokyo 153-8654, Japan.

3. On information and belief, Pioneer Electronics (USA), Inc. is a Delaware corporation with its principal place of business at 2255 E. 220th Street, Long Beach, California, 90810. On further information and belief, Pioneer Electronics (USA), Inc. is registered to do business in the State of Kansas as Pioneer Electronics (USA), Inc. (business entity identification number 7449051).

### JURISDICTION AND VENUE

4. This is an action regarding allegations of patent infringement made by Pioneer

against Garmin. In light of these allegations, Garmin seeks declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and a judgment on patent non-infringement and patent invalidity under the patent laws of the United States, 35 U.S.C. § 1 *et seq*. An actual and justiciable controversy exists between Garmin and Pioneer regarding, *inter alia,* Garmin's right to make, use, offer to sell, sell, and import its navigation products. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 2201.

5. On information and belief, Pioneer maintains systematic and continuous business contacts within the State of Kansas. Pioneer has also purposefully directed activities towards Garmin in Kansas and the claims of this action directly arise out of and result from those directed activities. Accordingly, this Court has personal jurisdiction over Pioneer.

6. On information and belief, Pioneer Corporation is a Japan-based company engaged in the manufacturing and sale of electronic products, including products in its "Car Electronics," "Home Electronics," and "Others" business segments.

7. On information and belief, Pioneer, by and through a number of U.S. subsidiaries, including Pioneer Electronics (USA), Inc., imports, offers for sale, and/or sells a number of Pioneer-branded products in the United States, including the State of Kansas.

8. Pioneer offers to sell and, on information and belief, actually sells Pioneer-branded products to consumers in the State of Kansas through the interactive website www.pioneerelectronics.com. *See* Exhibit 1. Moreover, Pioneer's website allows Kansas customers to search for Kansas retailers that sell Pioneer-branded products. *See* Exhibit 2. These retailers, such as, for example, Best Buy, offer to sell and, on information and belief, actually sell Pioneer products in the State of Kansas. *See*, *e.g.*, Exhibit 3 (Pioneer-branded products listed as "available for Store Pickup at" several, local Kansas stores).

9. On information and belief, Pioneer also maintains a number of authorized "service centers" throughout the Midwest, including, at least, facilities in Manhattan, Junction City, and Wichita, Kansas. *See* Exhibit 4.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), (c), and (d).

### FACTUAL BACKGROUND

### Garmin

11. Garmin International, Inc. is a part of the Garmin group of companies, which also includes Garmin Ltd., Garmin Corporation, Garmin U.S.A., Inc., and Garmin (Europe), Inc.

12. Collectively, Garmin is the leading, worldwide provider of navigation, communication and information devices and applications, most of which are enabled by Global Positioning System ("GPS") technology.

13. Garmin currently makes, uses, sells, offers for sale, and imports a variety of navigation products in the United States.

### Pioneer's Patents

14. United States Patent No. 5,365,448 ("the '448 patent"), entitled "On-vehicle navigation apparatus with automatic re-initialization function," was issued in the name of Kenichi Nobe and Morio Araki on November 15, 1994, from U.S. Patent Application No. 07/858,645. The '448 patent, which purports to claim priority to Japanese Patent Application No. 3-079881 (filed on April 12, 1991), is attached to the Complaint as Exhibit 5.

15. United States Patent No. 5,424,951 ("the '951 patent"), entitled "On-board navigation apparatus having user registering function," was issued in the name of Kenichi Nobe, Morio Araki, and Takeharu Arakawa on June 13, 1995, from U.S. Patent Application No. 07/858,852. The '951 patent, which purports to claim priority to Japanese Patent Application No. 3-079884 (filed on April 12, 1991), is attached to the Complaint as Exhibit 6.

16. United States Patent No. 6,122,592 ("the '592 patent"), entitled "Navigation apparatus with enhanced positional display function," was issued in the name of Kenichi Nobe, Morio Araki, Takeharu Arakawa, and Kiyoshi Yamanaka on September 19, 2009, from U.S. Patent Application No. 09/295,580. The '592 patent, which purports to claim the benefit of U.S. Patent Application Nos. 08/016,292, 08/447,882, and 08/734,778 and purports to claim priority to Japanese Patent Application Nos. 4-31046 (filed on February 18, 1992), 4-74032 (filed on March 30, 1992), 4-74033 (also filed on March 30, 1992), is attached to the Complaint as Exhibit 7.

17. The '448 patent, the '951 patent, and the '592 patent each list Pioneer Electronic Corporation of Tokyo, Japan as the assignee. On information and belief, Pioneer Electronic Corporation changed its name in 1999 to Pioneer Corporation. Pioneer has asserted that Pioneer Corporation owns all right, title, and interest in the '448 patent, the '951 patent, and the '592 patent.

### Pioneer's Allegations of Patent Infringement

18. In April 2008, Kazumi Kuriyama, the Executive Officer and General Manager of Defendant Pioneer Corporation's Intellectual Property Division, sent a letter to Mr. Andrew Etkind, General Counsel for Garmin. The letter represented that Pioneer owns a significant patent portfolio covering a wide variety of navigation devices, including Personal Navigation Devices ("PNDs") and proposed Pioneer/Garmin navigation patent licensing discussions.

19. On June 4, 2008, Pioneer personnel, including Jits Morishita, Naoki Aoyama, and Mitsuhiro Yamaha (employees of Defendant Pioneer Corporation), traveled to Garmin International, Inc.'s headquarters in Olathe, Kansas.

20. During the June 4, 2008, meeting in Olathe, Kansas, Pioneer provided, via hand delivery, an infringement analysis of Garmin products that included claim charts prepared by

Pioneer showing specific patent claims Pioneer believed to be infringed by certain Garmin products.  This analysis included the '448 patent, the '951 patent, and the '592 patent (collectively, "the Asserted Patents").  During this same meeting in Kansas, Pioneer presented a patent license proposal that identified a number of Pioneer patents, including the Asserted Patents.

21. In July 2008, Pioneer once again traveled to Garmin's Olathe, Kansas, headquarters.  The purpose of this meeting was to provide more detail regarding Pioneer's patent portfolio, including the Asserted Patents.  At the July meeting in Olathe, Kansas, Pioneer personnel, including Jits Morishita, again identified Pioneer patents (including the Asserted Patents) and Garmin products that allegedly infringed the identified patents.

22. In October 2008, Pioneer personnel, including Naoki Aoyama, Mitsuhiro Yamaha, Yuichiro Takayanagi, Victor Shubert, and Jitsuro Morishita, again traveled to Garmin's headquarters in Olathe, Kansas and again attempted to extract patent licensing revenues from Garmin for Pioneer's patents, including the Asserted Patents.

23. In addition to these in-person meetings in Kansas, Pioneer also repeatedly attempted to secure a patent licensing agreement with Garmin for Pioneer patents that included the Asserted Patents through numerous telephone calls and a series of correspondence.

### Pioneer's Claims of Patent Infringement

24. On November 13, 2009, Defendant Pioneer filed a complaint against Garmin with the United States International Trade Commission ("ITC").  *See* Exhibit 8; *see also* Exhibit 9.  In the ITC complaint, Pioneer alleges, *inter alia*, that Garmin International, Inc. and Garmin Corporation "collectively manufacture, sell for importation, import, and/or sell after importation portable GPS navigation systems that infringe" the '448 patent, the '951 patent, and the '592 patent.  *See id.* at ¶51.  The ITC complaint seeks, as relief, an order "prevent[ing] the unlawful

importation in the United States, the sale for importation, and the sale within the United States after importation by owners, importers, or consignees" of any Garmin-branded product accused of patent infringement.  *See id.* at ¶¶ 2 and 82.

<u>COUNT 1: DECLARATORY JUDGMENT OF NON-INFRINGEMENT</u>

**Non-Infringement of United States Patent No. 5,365,448**

25. Garmin realleges and incorporates by reference the allegations set forth in paragraphs 1-24 above.

26. Pioneer contends that at least one product imported, made, used, sold or offered for sale by Garmin infringes one or more claims of the '448 patent.

27. Garmin has not infringed and is not infringing any claim of the '448 patent, either literally or under the doctrine of equivalents.  Nor has Garmin contributed to infringement by others, or actively induced others to infringe, any claim of the '448 patent.

28. An actual controversy exists between Pioneer and Garmin as to whether any Garmin product infringes any claim of the '448 patent.

29. Garmin is entitled to declaratory judgment of noninfringement of the '448 patent in its favor.

**Non-Infringement of United States Patent No. 5,424,951**

30. Garmin realleges and incorporates by reference the allegations set forth in paragraphs 1-29 above.

31. Pioneer contends that at least one product imported, made, used, sold or offered for sale by Garmin infringes one or more claims of the '951 patent.

32. Garmin has not infringed and is not infringing any claim of the '951 patent, either literally or under the doctrine of equivalents.  Nor has Garmin contributed to infringement by others, or actively induced others to infringe, any claim of the '951 patent.

33. An actual controversy exists between Pioneer and Garmin as to whether any Garmin product infringes any claim of the '951 patent.

34. Garmin is entitled to declaratory judgment of noninfringement of the '951 patent in its favor.

### Non-Infringement of United States Patent No. 6,122,592

35. Garmin realleges and incorporates by reference the allegations set forth in paragraphs 1-34 above.

36. Pioneer contends that at least one product imported, made, used, sold or offered for sale by Garmin infringes one or more claims of the '592 patent.

37. Garmin has not infringed and is not infringing any claim of the '592 patent, either literally or under the doctrine of equivalents. Nor has Garmin contributed to infringement by others, or actively induced others to infringe, any claim of the '592 patent.

38. An actual controversy exists between Pioneer and Garmin as to whether any Garmin product infringes any claim of the '592 patent.

39. Garmin is entitled to declaratory judgment of noninfringement of the '592 patent in its favor.

### COUNT 2: DECLARATORY JUDGMENT OF INVALIDITY

### Invalidity of United States Patent No. 5,365,448

40. Garmin realleges and incorporates by reference the allegations set forth in paragraphs 1-39 above.

41. Pioneer contends that the claims of the '448 patent are valid.

42. One or more claims of the '448 patent are invalid under 35 U.S.C. §§ 101, 102, 103, 104, 112, 119, 120, and/or 132.

43. An actual controversy exists between Pioneer and Garmin as to whether the

claims of the '448 patent are valid.

44. Garmin is entitled to a declaratory judgment that one or more claims of the '448 patent are invalid.

### Invalidity of United States Patent No. 5,424,951

45. Garmin realleges and incorporates by reference the allegations set forth in paragraphs 1-44 above.

46. Pioneer contends that the claims of the '951 patent are valid.

47. One or more claims of the '951 patent are invalid under 35 U.S.C. §§ 101, 102, 103, 104, 112, 119, 120, and/or 132.

48. An actual controversy exists between Pioneer and Garmin as to whether the claims of the '951 patent are valid.

49. Garmin is entitled to a declaratory judgment that one or more claims of the '951 patent are invalid.

### Invalidity of United States Patent No. 6,122,592

50. Garmin realleges and incorporates by reference the allegations set forth in paragraphs 1-49 above.

51. Pioneer contends that the claims of the '592 patent are valid.

52. One or more claims of the '592 patent are invalid under 35 U.S.C. §§ 101, 102, 103, 104, 112, 119, 120, and/or 132.

53. An actual controversy exists between Pioneer and Garmin as to whether the claims of the '592 patent are valid.

54. Garmin is entitled to a declaratory judgment that one or more claims of the '592 patent are invalid.

**PRAYER FOR RELIEF**

Wherefore, Garmin International, Inc. requests entry of judgment in its favor and against defendants Pioneer Corporation and Pioneer Electronics (USA), Inc. as follows:

A.   Judgment that Garmin has not directly infringed and is not directly infringing any claim of the '448 patent, either literally or under the doctrine of equivalents.

B.   Judgment that Garmin has not contributed to any infringement by others, nor actively induced others to infringe, any claim of the '448 patent.

C.   Judgment that one or more claims of the '448 patent are invalid under 35 U.S.C. §§ 101, 102, 103, 104, 112, 119, 120, and/or 132.

D.   Judgment that Garmin has not directly infringed and is not directly infringing any claim of the '951 patent, either literally or under the doctrine of equivalents.

E.   Judgment that Garmin has not contributed to any infringement by others, nor actively induced others to infringe, any claim of the '951 patent.

F.   Judgment that one or more claims of the '951 patent are invalid under 35 U.S.C. §§ 101, 102, 103, 104, 112, 119, 120, and/or 132.

G.   Judgment that Garmin has not directly infringed and is not directly infringing any claim of the '592 patent, either literally or under the doctrine of equivalents.

H.   Judgment that Garmin has not contributed to any infringement by others, nor actively induced others to infringe, any claim of the '592 patent.

I.   Judgment that one or more claims of the '592 patent are invalid under 35 U.S.C. §§ 101, 102, 103, 104, 112, 119, 120, and/or 132.

J.   A declaration that this is an exceptional case under 35 U.S.C. § 285.

K.   An award to Garmin of its costs and reasonable attorney's fees incurred in this action.

L. Such other and further relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Garmin respectfully demands a trial by jury on all claims and issues so triable.

## DESIGNATION OF PLACE OF TRIAL

Pursuant to Local Rule 40.2, Garmin designates Kansas City, Kansas as the place of trial.

Dated: February 8, 2010

SHOOK, HARDY & BACON L.L.P.

By: /s/ Adam Seitz
    B. Trent Webb (KS Bar No. 15965)
     bwebb@shb.com
    Eric A. Buresh (KS Bar No. 19895)
     eburesh@shb.com
    Adam P. Seitz (KS Bar No. 21059)
     aseitz@shb.com
    Jason R. Mudd (*pro hac vice to be filed*)
     jmudd@shb.com
    2555 Grand Boulevard
    Kansas City, Missouri 64108
    Telephone: 816.474.6550
    Facsimile: 816.421.5547
    *ATTORNEYS FOR PLAINTIFF GARMIN INTERNATIONAL, INC.*