## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GARMIN INTERNATIONAL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 10-CV-2080-JWL-GLR |
| ) | |
| PIONEER CORPORATION and ) | |
| PIONEER ELECTRONICS (USA), INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PIONEER ELECTRONICS (USA), INC.'S ANSWER TO PLAINTIFF GARMIN INTERNATIONAL, INC.'S DECLARATORY JUDGMENT COMPLAINT**

Pioneer Electronics (USA), Inc. ("Pioneer USA"), by and through its attorneys, hereby answers the allegations set forth in the February 8, 2010 declaratory judgment complaint filed by plaintiff Garmin International, Inc. ("Garmin") as follows:

### PARTIES

1. Upon information and belief, Pioneer USA admits the allegations of paragraph 1 of the complaint.

2. Upon information and belief, Pioneer USA admits that Pioneer Corporation is a Japanese corporation. Upon information and belief, Pioneer USA denies the remaining allegations of paragraph 2 of the complaint because it believes that Pioneer Corporation has its principal place of business at 1-1 Shin-ogura, Saiwai-ku, Kawasaki-shi, Kanagawa 212-0031, Japan.

3. Pioneer USA admits that it is incorporated in the state of Delaware and is also registered to do business in the State of Kansas as "Pioneer Electronics (USA), Inc.," business entity identification number 7449051. Pioneer USA denies the remaining

allegations of paragraph 3 of the complaint because it has its principal place of business at 1925 East Dominguez Street, Long Beach, California, 90810.

## OBJECTION

Pioneer USA objects to Garmin's use of the term "Pioneer" to collectively refer to Pioneer USA and Pioneer Corporation throughout its complaint. Pioneer USA does not own the patents that are necessary for adjudication of Garmin's claims for declaratory judgment relief. Instead, Pioneer Corporation owns the patents that have been asserted at the U.S. International Trade Commission against Garmin.

## JURISDICTION AND VENUE

4. Pioneer USA admits that Garmin purports to state a claim for declaratory relief under the patent laws of the United States. Pioneer USA denies that an actual and justiciable controversy exists between Pioneer USA and Garmin because Pioneer USA does not own the patents that are necessary for Garmin's declaratory judgment claims. Pioneer USA denies the remaining allegations in paragraph 4 of the complaint.

5. Pioneer USA admits that this Court has personal jurisdiction over it because it maintains systematic and continuous business contacts within the State of Kansas. Pioneer USA also admits that it has purposefully directed activities towards Garmin in Kansas. Pioneer USA denies the remaining allegations in paragraph 5 of the complaint.

6. Upon information and belief, Pioneer USA admits the allegations of paragraph 6 of the complaint.

7. Pioneer USA admits that it offers to sell a number of Pioneer-branded products in the United States, including the State of Kansas. Pioneer USA denies all

remaining allegations in paragraph 7 of the complaint that are directed to Pioneer USA because Garmin did not identify any particular products. Pioneer USA also denies the allegations in paragraph 7 of the complaint to the extent they are directed to Pioneer Corporation.

8. Pioneer USA admits the allegations of paragraph 8 of the complaint that are directed to Pioneer USA. Pioneer USA denies all remaining allegations in paragraph 8 of the complaint.

9. Pioneer USA admits the allegations of paragraph 9 of the complaint that are directed to Pioneer USA. Pioneer USA denies all remaining allegations in paragraph 9 of the complaint.

10. Pioneer USA admits that venue is proper in this judicial district as regards Pioneer USA, although Pioneer USA maintains that there are more convenient forums in which to proceed with this action. Pioneer USA denies the allegations of paragraph 10 that are directed to Pioneer Corporation.

## FACTUAL BACKGROUND

11. Upon information and belief, Pioneer USA admits the allegations in paragraph 11 of the complaint.

12. Pioneer USA denies the allegations in paragraph 12 of the complaint because Pioneer lacks information or knowledge as to what Garmin means by the phrase "the leading, worldwide provider of navigation, communication and information devices and applications."

13. Upon information and belief, Pioneer USA admits that Garmin currently makes, uses, sells, offers for sale, and imports a variety of navigation products in the United States.

14. Pioneer USA admits the allegations in paragraph 14 of the complaint.

15. Pioneer USA admits the allegations in paragraph 15 of the complaint.

16. Pioneer USA admits the allegations in paragraph 16 of the complaint.

17. Pioneer USA admits the allegations in paragraph 17 of the complaint and notes Garmin's observation that "Pioneer has asserted that Pioneer Corporation owns all right, title, and interest in the '448 patent, the '951 patent, and the '592 patent."

18. Pioneer USA denies the allegations in paragraph 18 of the complaint directed to Pioneer USA.  Upon information and belief, Pioneer USA admits the remaining allegations in paragraph 18 of the complaint.

19. Upon information and belief, Pioneer USA admits the allegations in paragraph 19 of the complaint.

20. Upon information and belief, Pioneer USA admits the allegations in paragraph 20 of the complaint.

21. Upon information and belief, Pioneer USA admits the allegations in paragraph 21 of the complaint.

22. Pioneer USA admits that Naoki Aoyama, Mitsuhiro Yamaha, Yuichiro Takayanagi, Victor Schubert, and Jitsuro Morishita traveled to Garmin's headquarters in Olathe, Kansas to engage in licensing negotiations regarding Pioneer Corporation's patents, including the asserted patents.  Pioneer USA denies the remaining allegations of paragraph 22 of the complaint.

23. Upon information and belief, Pioneer USA admits the allegations in paragraph 23 of the complaint.

24. Pioneer USA admits the allegations in paragraph 24 of the complaint.

## **COUNT 1: DECLARATORY JUDGMENT OF NON-INFRINGEMENT**

25. To the extent it constitutes an allegation, Pioneer USA denies the heading allegation preceding paragraph 25 of the complaint.  Pioneer USA also incorporates in full its responses to paragraphs 1 through 24 of the complaint.

26. Pioneer USA admits the allegations in paragraph 26 of the complaint as they relate to Pioneer USA.   Upon information and belief, Pioneer USA admits the allegations in paragraph 26 of the complaint that are directed to Pioneer Corporation.

27. Pioneer USA denies the allegations in paragraph 27 of the complaint as they relate to Pioneer USA.  Upon information and belief, Pioneer USA denies the allegations in paragraph 27 of the complaint that are directed to Pioneer Corporation.

28. Pioneer USA denies that an actual controversy exists between it and Garmin as to whether any Garmin product infringes any claim of the '448 patent since Pioneer USA does not own the '448 patent.  Pioneer USA is presently without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 28 of the complaint that are directed to Pioneer Corporation, and therefore denies them.

29. Pioneer USA denies the allegations in paragraph 29 of the complaint as they relate to Pioneer USA.  Upon information and belief, Pioneer USA denies the allegations in paragraph 29 of the complaint that are directed to Pioneer Corporation.

30. To the extent it constitutes an allegation, Pioneer USA denies the heading allegation preceding paragraph 30 of the complaint. Pioneer USA also incorporates in full its responses to paragraphs 1 through 29 of the complaint.

31. Pioneer USA admits the allegations in paragraph 31 of the complaint as they relate to Pioneer USA. Upon information and belief, Pioneer USA admits the allegations in paragraph 31 of the complaint that are directed to Pioneer Corporation.

32. Pioneer USA denies the allegations in paragraph 32 of the complaint as they relate to Pioneer USA. Upon information and belief, Pioneer USA denies the allegations in paragraph 32 of the complaint that are directed to Pioneer Corporation.

33. Pioneer USA denies that an actual controversy exists between it and Garmin as to whether any Garmin product infringes any claim of the '951 patent since Pioneer USA does not own the '951 patent. Pioneer USA is presently without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 33 of the complaint that are directed to Pioneer Corporation, and therefore denies them.

34. Pioneer USA denies the allegations in paragraph 34 of the complaint as they relate to Pioneer USA. Upon information and belief, Pioneer USA denies the allegations in paragraph 34 of the complaint that are directed to Pioneer Corporation.

35. To the extent it constitutes an allegation, Pioneer USA denies the heading allegation preceding paragraph 35 of the complaint. Pioneer USA also incorporates in full its responses to paragraphs 1 through 34 of the complaint.

36. Pioneer USA admits the allegations in paragraph 36 of the complaint as they relate to Pioneer USA. Upon information and belief, Pioneer USA admits the allegations in paragraph 36 of the complaint that are directed to Pioneer Corporation.

37. Pioneer USA denies the allegations in paragraph 37 of the complaint as they relate to Pioneer USA. Upon information and belief, Pioneer USA denies the allegations in paragraph 37 of the complaint that are directed to Pioneer Corporation.

38. Pioneer USA denies that an actual controversy exists between it and Garmin as to whether any Garmin product infringes any claim of the '592 patent since Pioneer USA does not own the '592 patent. Pioneer USA is presently without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 38 of the complaint that are directed to Pioneer Corporation, and therefore denies them.

39. Pioneer USA denies the allegations in paragraph 39 of the complaint as they relate to Pioneer USA. Upon information and belief, Pioneer USA denies the allegations in paragraph 39 of the complaint that are directed to Pioneer Corporation.

## **COUNT 2: DECLARATORY JUDGMENT OF INVALIDITY**

40. To the extent it constitutes an allegation, Pioneer USA denies the heading allegation preceding paragraph 40 of the complaint. Pioneer USA also incorporates in full its responses to paragraphs 1 through 39 of the complaint.

41. Pioneer USA admits the allegations in paragraph 41 of the complaint as they relate to Pioneer USA. Upon information and belief, Pioneer USA admits the allegations in paragraph 41 of the complaint that are directed to Pioneer Corporation.

42. Pioneer USA denies the allegations in paragraph 42 of the complaint as they relate to Pioneer USA. Upon information and belief, Pioneer USA denies the allegations in paragraph 42 of the complaint that are directed to Pioneer Corporation.

43. Pioneer USA denies that an actual controversy exists between it and Garmin as to whether the claims of the '448 patent are valid since Pioneer USA does not

own the '448 patent.  Upon information and belief, Pioneer USA denies the allegations in paragraph 43 of the complaint that are directed to Pioneer Corporation.

44. Pioneer USA denies the allegations in paragraph 44 of the complaint as they relate to Pioneer USA.  Upon information and belief, Pioneer USA denies the allegations in paragraph 44 of the complaint that are directed to Pioneer Corporation.

45. To the extent it constitutes an allegation, Pioneer USA denies the heading allegation preceding paragraph 45 of the complaint.  Pioneer USA also incorporates in full its responses to paragraphs 1 through 44 of the complaint.

46. Pioneer USA admits the allegations in paragraph 46 of the complaint as they relate to Pioneer USA.  Upon information and belief, Pioneer USA admits the allegations in paragraph 46 of the complaint that are directed to Pioneer Corporation.

47. Pioneer USA denies the allegations in paragraph 47 of the complaint as they relate to Pioneer USA.  Upon information and belief, Pioneer USA denies the allegations in paragraph 47 of the complaint that are directed to Pioneer Corporation.

48. Pioneer USA denies that an actual controversy exists between it and Garmin as to whether the claims of the '951 patent are valid since Pioneer USA does not own the '951 patent.  Upon information and belief, Pioneer USA denies the allegations in paragraph 48 of the complaint that are directed to Pioneer Corporation.

49. Pioneer USA denies the allegations in paragraph 49 of the complaint as they relate to Pioneer USA.  Upon information and belief, Pioneer USA denies the allegations in paragraph 49 of the complaint that are directed to Pioneer Corporation.

50. To the extent it constitutes an allegation, Pioneer USA denies the heading allegation preceding paragraph 50 of the complaint. Pioneer USA also incorporates in full its responses to paragraphs 1 through 49 of the complaint.

51. Pioneer USA admits the allegations in paragraph 51 of the complaint as they relate to Pioneer USA. Upon information and belief, Pioneer USA admits the allegations in paragraph 51 of the complaint that are directed to Pioneer Corporation.

52. Pioneer USA denies the allegations in paragraph 52 of the complaint as they relate to Pioneer USA. Upon information and belief, Pioneer USA denies the allegations in paragraph 52 of the complaint that are directed to Pioneer Corporation.

53. Pioneer USA denies that an actual controversy exists between it and Garmin as to whether the claims of the '592 patent are valid since Pioneer USA does not own the '592 patent. Upon information and belief, Pioneer USA denies the allegations in paragraph 53 of the complaint that are directed to Pioneer Corporation.

54. Pioneer USA denies the allegations in paragraph 54 of the complaint as they relate to Pioneer USA. Upon information and belief, Pioneer USA denies the allegations in paragraph 54 of the complaint that are directed to Pioneer Corporation.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

55. This Court lacks personal jurisdiction to adjudicate this matter as between Pioneer Corporation, the real party in interest, and Garmin.

### Second Affirmative Defense

56. Garmin's complaint fails to state a claim upon which relief can be granted as against Pioneer USA since Pioneer USA does not own the asserted patents.

## **PRAYER FOR RELIEF**

Pioneer USA denies that Garmin is entitled to any of the relief sought in paragraphs A-L of its declaratory judgment complaint.

## **DEMAND FOR JURY TRIAL**

Pioneer USA denies that Garmin is entitled to a trial by jury in connection with this declaratory judgment action.


DATED:  June 14, 2010                                      Respectfully submitted,

                                                        LATHROP & GAGE LLP

                                        By:  s/ David V. Clark
                                                 David V. Clark               KS #70014
                                                 Travis W. McCallon       KS# 21926
                                                 2345 Grand Boulevard, Suite 2200
                                               Kansas City, Missouri 64108-2618
                                               Telephone:  (816) 292-2000
                                               Telecopier:  (816) 292-2001
                                               dlcark@lathropgage.com
                                               tmccallon@lathropgage.com

                                               *Attorneys for Defendant*
                                               *Pioneer Electronics (USA), Inc.*


                                               OF COUNSEL:

                                               Smith R. Brtittingham, IV
                                               Eric J. Fues
                                               FINNEGAN, HENDERSON, FARABOW,
                                               GARRETT & DUNNER, L.L.P.
                                               901 New York Avenue, N.W.
                                               Washington, DC  20001
                                               Telephone:  (202) 408-4000

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 14, 2010, I caused the above and foregoing to be electronically filed with the Clerk of the Court, District of Kansas, using the CM/ECF system which will send a notice of filing to:

        B. Trent Webb      bwebb@shb.com
        Eric A. Buresh     eburesh@shb.com
        Adam P. Seitz     aseitz@shb.com
        Jason R. Mudd    jmudd@shb.com
        SHOOK, HARDY & BACON, L.L.P.
        2555 Grand Boulevard
        Kansas City, Missouri 64108
        Telephone: 816.474.6550
        Facsimile: 816.421.5547

*Attorneys for Plaintiff Garmin International, Inc.*

                s/ David V. Clark
                *An Attorney for Defendant*
                *Pioneer Electronics (USA), Inc.*