**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| GARMIN INTERNATIONAL, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-CV-2080 JWL/GLR |
| | ) | |
| PIONEER CORPORATION and | ) | **JURY TRIAL DEMANDED** |
| PIONEER ELECTRONICS (USA), INC. | ) | |
| | ) | |
| Defendants. | ) | |
| ———————————————————— | ) | |

## GARMIN'S ANSWER TO PIONEER CORPORATION'S COUNTERCLAIMS

Plaintiff Garmin International, Inc. ("Garmin") hereby answers Defendant Pioneer Corporation's ("Pioneer") Counterclaims as follows, denying Pioneer's allegations of infringement and other averments, except for those specifically admitted.

### PARTIES

1.    Upon information and belief, Garmin admits the allegations contained in Paragraph 1 of Pioneer's Counterclaims.

2.    Garmin admits the allegations contained in Paragraph 2 of Pioneer's Counterclaims.

### JURISDICTION AND VENUE

3.    Garmin admits that this Court has subject matter jurisdiction over Pioneer's Counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Garmin denies the remaining allegations contained in Paragraph 3 of Pioneer's Counterclaims.

4.    Garmin admits the allegations contained in Paragraph 4 of Pioneer's Counterclaims.

5.     Garmin admits the allegations contained in Paragraph 5 of Pioneer's Counterclaims.

<u>**PATENTS-IN-SUIT**</u>

6.     Garmin admits that the United States Patent No. 5,365,448 ("the'448 patent") appears on its face to be entitled "On-vehicle navigation apparatus with automatic re-initialization function" and that the face of the '448 patent indicates that it issued on November 15, 1994.  Garmin further admits that a copy of the '448 patent was attached to its Complaint as Exhibit 5 and that a copy was also attached to Pioneer's Counterclaims as exhibit A.  Garmin denies the remaining allegations contained in Paragraph 6 of Pioneer's Counterclaims.

7.     Garmin admits that United States Patent No. 5,424,951 ("the '951 patent") appears on its face to be entitled "On-board navigation apparatus having user registering function" and that the face of the '951 patent indicates that it issued on June 13, 1995.  Garmin further admits that a copy of the '951 patent was attached to its Complaint as Exhibit 6 and that a copy was also attached to Pioneer's Counterclaims as exhibit B.  Garmin denies the remaining allegations contained in Paragraph 7 of Pioneer's Counterclaims.

8.     Garmin admits that United States Patent No. 6,122,592 ("the '592 patent") appears on its face to be entitled "Navigation apparatus with enhanced positional display function" and that the face of the '592 patent indicates that it issued on September 19, 2000.  Garmin further admits that a copy of the '592 patent was attached to its Complaint as Exhibit 7 and that a copy was also attached to Pioneer's Counterclaims as exhibit C.  Garmin denies the remaining allegations contained in Paragraph 8 of Pioneer's Counterclaims.

9.     Garmin admits that Pioneer purports to be the lawful owner of all right, title, and interest in and to the '448, '951, and '592 patents.  Garmin is without sufficient knowledge or

2

4230781

information to form a belief as to the remaining allegations contained in Paragraph 9 of Pioneer's Counterclaims, and therefore denies the same.

<u>**TECHNOLOGY AT ISSUE**</u>

10.     Garmin admits that Pioneer purports to provide a non-technical description of the '448 patent, but Garmin denies that the description is complete or entirely accurate.  Garmin further denies the allegations contained in Paragraph 10 to the extent they purport to describe the legal scope or meaning of any term or claim of the '448.  Garmin states that the '448 patent speaks for itself and therefore denies the remaining allegations in Paragraph 10 of Pioneer's Counterclaims.

11.     Garmin admits that Pioneer purports to provide a non-technical description of the '951 patent, but Garmin denies that the description is complete or entirely accurate.  Garmin further denies the allegations contained in Paragraph 11 to the extent they purport to describe the legal scope or meaning of any term or claim of the '951.  Garmin states that the '951 patent speaks for itself and therefore denies the remaining allegations in Paragraph 11 of Pioneer's Counterclaims.

12.     Garmin admits that Pioneer purports to provide a non-technical description of the '592 patent, but Garmin denies that the description is complete or entirely accurate.  Garmin further denies the allegations contained in Paragraph 12 to the extent they purport to describe the legal scope or meaning of any term or claim of the '592.  Garmin states that the '592 patent speaks for itself and therefore denies the remaining allegations in Paragraph 12 of Pioneer's Counterclaims.

4230781

## FIRST COUNTERCLAIM – INFRINGEMENT OF THE '448 PATENT

13.     Garmin repeats and incorporates each of its responses contained in Paragraphs 1 through 12 above as if fully set forth herein.

14.     Garmin denies the allegations set forth in Paragraph 14 of Pioneer's Counterclaims.

15.     Garmin denies the allegations set forth in Paragraph 15 of Pioneer's Counterclaims.

16.     Garmin denies the allegations set forth in Paragraph 16 of Pioneer's Counterclaims.

## SECOND COUNTERCLAIM – INFRINGEMENT OF THE '951 PATENT

17.     Garmin repeats and incorporates each of its responses contained in Paragraphs 1 through 16 above as if fully set forth herein.

18.     Garmin denies the allegations contained in Paragraph 18 of Pioneer's Counterclaims.

19.     Garmin denies the allegations contained in Paragraph 19 of Pioneer's Counterclaims.

20.     Garmin denies the allegations contained in Paragraph 20 of Pioneer's Counterclaims.

21.     Garmin denies the allegations contained in Paragraph 21 of Pioneer's Counterclaims.

## THIRD COUNTERCLAIM – INFRINGEMENT OF THE '592 PATENT

22.     Garmin repeats and incorporates each of its responses contained in Paragraphs 1 through 21 above as if fully set forth herein.

4

4230781

23.     Garmin denies the allegations contained in Paragraph 23 of Pioneer's Counterclaims.

24.     Garmin denies the allegations contained in Paragraph 24 of Pioneer's Counterclaims.

25.     Garmin denies the allegations contained in Paragraph 25 of Pioneer's Counterclaims.

## PIONEER'S PRAYER FOR RELIEF

Garmin denies that Pioneer is entitled to any relief in connection with the allegations set forth in its Counterclaims, including without limitation, the relief requested in its Prayer for Relief.

A.     Garmin denies that Pioneer is entitled to the relief requested in Paragraph A of its Prayer for Relief.

B.     Garmin denies that Pioneer is entitled to the relief requested in Paragraph B of its Prayer for Relief.

C.     Garmin denies that Pioneer is entitled to the relief requested in Paragraph C of its Prayer for Relief.

D.     Garmin denies that Pioneer is entitled to the relief requested in Paragraph D of its Prayer for Relief.

E.     Garmin denies that Pioneer is entitled to the relief requested in Paragraph E of its Prayer for Relief.

F.     Garmin denies that Pioneer is entitled to the relief requested in Paragraph F of its Prayer for Relief.

G.     Garmin denies that Pioneer is entitled to the relief requested in Paragraph G of its

4230781

Prayer for Relief.

       H.       Garmin denies that Pioneer is entitled to the relief requested in Paragraph H of its Prayer for Relief.

       I.       Garmin denies that Pioneer is entitled to the relief requested in Paragraph I of its Prayer for Relief.

       J.       Garmin denies that Pioneer is entitled to the relief requested in Paragraph J of its Prayer for Relief.

       K.       Garmin denies that Pioneer is entitled to the relief requested in Paragraph K of its Prayer for Relief.

## DEMAND FOR JURY TRIAL

This section purports to request a trial by jury and does not require a response.  To the extent any allegation contained in Pioneer's counterclaims has not been specifically admitted herein, it is hereby denied.  Garmin further denies any allegation that may be implied by or inferred from the headings contained in Pioneer's counterclaims.

## GARMIN'S AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE
### (Non-Infringement of the '448, '951, and '592 Patents)

Garmin has not infringed, either directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '448, '951, and '592 patents and, as such, is not liable for any infringement thereof.

### SECOND DEFENSE
### (Invalidity of the '448, '951, and '592 Patents)

Each claim of the '448, '951, and '592 patents is invalid for claiming unpatentable subject matter under 35 U.S.C. §§ 102 or 103, failing to meet one or more requirements of 35 U.S.C. § 112, and/or failing to meet one of more requirements of Title 35 of the United States

Code, including, for example only, 35 U.S.C. §§ 101, 119, 120, and/or 132.

### THIRD DEFENSE
### (Prosecution History Estoppel)

Pioneer's claims of patent infringement against Garmin are barred, in whole or in part, by the doctrine of prosecution history estoppel.

### FOURTH DEFENSE
### (Legal and/or Equitable Estoppel)

On information and belief, Pioneer's attempted enforcement of the '448, '951, and '592 patents against Garmin is barred by estoppel, including, without limitation, legal or equitable estoppel.

### FIFTH DEFENSE
### (Judicial Estoppel)

On information and belief, Pioneer has stated facts, contentions, and/or conclusions, or otherwise made statements or admissions, before the United States International Trade Commission related to its Counterclaims, and, therefore, is barred from taking any and all positions in this litigation that are barred by estoppel, at including, without limitation, judicial estoppel.

### SIXTH DEFENSE
### (Res Judicata and/or Claim Preclusion)

To the extent applicable, Pioneer is precluded from re-litigating issues or claims in this litigation that are barred by res judicata or collateral estoppel.

### SEVENTH DEFENSE
### (35 U.S.C. § 286)

On information and belief, any claim for damages for infringement of the '448, '951, and '592 patents is limited by 35 U.S.C. § 286 to those damages occurring after six years prior to Pioneer's filing of its Counterclaims for infringement.

7

## EIGHTH DEFENSE
### (35 U.S.C. § 287)

On information and belief, any claim for damages for infringement of the '448, '951, and '592 patents is limited by 35 U.S.C. § 287 to those damages occurring after notice of infringement.

## NINTH DEFENSE
### (Unclean Hands)

Pioneer's claims of infringement of the '448, '951, and '592 patents are barred, in whole or in part, by the doctrine of unclean hands.

## RESERVATION OF RIGHTS

Garmin hereby reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery or further factual investigation in this case.

WHEREFORE, Garmin prays that the Court:

A.     Dismiss Pioneer's Counterclaims, with prejudice;

B.     Deny Pioneer the relief it seeks;

C.     Tax the costs and expenses of the defense of the Counterclaims against Pioneer, including attorneys' fees as may be allowable by law or in equity; and,

D.     Grant Garmin such other and further relief as the Court deems just and proper.


Dated:  November 24, 2010              By:     /s/ Eric A. Buresh
                                             B. Trent Webb (KS Bar No. 15965)
                                               Email: bwebb@shb.com
                                             Eric A. Buresh (KS Bar No. 19895)
                                               Email: eburesh@shb.com
                                             Adam P. Seitz (KS Bar No. 21059)
                                               Email: aseitz@shb.com

4230781

Jason R. Mudd (*Pro hac vice* to be filed)
  Email: jmudd@shb.com
**SHOOK, HARDY & BACON, LLP**
2555 Grand Blvd.
Kansas City, MO  64108-2613
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

***Attorneys For Plaintiff***
***Garmin International, Inc.***

9

4230781

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 24, 2010, a copy of the foregoing document was served upon the following individuals, as indicated below:

| | |
|---|---|
| Smith R. Brittingham IV<br>   Email: smith.brittingham@finnegan.com<br>Eric J. Fues<br>   Email: eric.fues@finnegan.com<br>**FINNEGAN, HENDERSON, FARABOW,<br> GARRETT & DUNNER, LLP**<br>901 New York Avenue, N.W.<br>Washington, DC 20001<br>Telephone: (202) 408-4000<br><br>***Attorneys For Defendants Pioneer Corporation<br>and Pioneer Electronics (USA), Inc.*** | ☒ Via ECF<br>☐ Via First Class Mail<br>☐ Via Hand Delivery<br>☐ Via Overnight Courier<br>☐ Via Facsimile<br>☐ Via Electronic Mail<br>☐ Not Applicable |
| David V. Clark<br>   Email: dclark@lathropgage.com<br>Travis W. McCallon<br>   Email: tmccallon@lathropgage.com<br>**LATHROP & GAGE LLP**<br>2345 Grand Boulevard, Suite 2200<br>Kansas City, Missouri 64108-2618<br>Telephone: (816) 292-2000<br>Facsimile: (816) 292-2001<br><br>***Attorneys For Defendants Pioneer Corporation<br>and Pioneer Electronics (USA), Inc.*** | ☒ Via ECF<br>☐ Via First Class Mail<br>☐ Via Hand Delivery<br>☐ Via Overnight Courier<br>☐ Via Facsimile<br>☐ Via Electronic Mail<br>☐ Not Applicable |

   /s/ Aaron E. Hankel
**SHOOK, HARDY & BACON, LLP**
2555 Grand Blvd.
Kansas City, MO  64108-2613
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

4230781