IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GARMIN INTERNATIONAL, INC.,

    Plaintiff,

    v.                                      Case No. 10-2080-JWL-GLR

PIONEER CORPORATION and
PIONEER ELECTRONICS (USA), INC.,

    Defendants.

## SCHEDULING ORDER

On December 2, 2010, pursuant to Fed. R. Civ. P. 16(b), the court conducted a telephone scheduling conference with the parties.[1] Plaintiff appeared through counsel Adam P. Seitz and Abram Kean. Defendants appeared through counsel Eric J. Fues, Smith R. Brittingham, IV and David V. Clark.

After consultation with the parties, the court enters this scheduling order, summarized in the table that follows. Please note that all times set out in this order are in the Central Time Zone.

---

[1] As used in this scheduling order, the term "plaintiff" includes plaintiffs as well as counterclaimants, cross-claimants, third-party plaintiffs, intervenors, and any other parties who assert affirmative claims for relief. The term "defendant" includes defendants as well as counterclaim defendants, cross-claim defendants, third-party defendants, and any other parties who are defending against affirmative claims for relief.

R:\ECFDocs\Ready To File GLR\10-2080 Sch Ord.wpd

| SUMMARY OF DEADLINES AND SETTINGS ||
|---|---|
| Event | Deadline/Setting |
| Plaintiff's settlement proposal | 1/18/11 |
| Defendants' settlement counter-proposal | 1/31/11 |
| Confidential settlement reports to magistrate judge, with identification of agreed-upon mediator or other ADR neutral | 2/28/11 |
| Mediation or other ADR process completed | 3/14/11 |
| Initial disclosures exchanged | 12/16/10 |
| All fact discovery completed | 9/30/11 |
| Expert discovery completed | 11/18/11 |
| Experts disclosed by party bearing burden of proof | 10/14/11 |
| Responsive or rebuttal expert reports | 11/4/11 |
| Supplementation of disclosures | 40 days before the deadline for completion of discovery |
| Preliminary witness and exhibit lists | 2/10/11 |
| Jointly proposed protective order submitted to court | 1/6/11 |
| Motions to join additional parties or otherwise amend the pleadings | 2/2/11 |
| Motions to dismiss for lack of personal jurisdiction, venue, propriety of the parties, or failure to state a claim | 3/2/11 |
| All other potentially dispositive motions (e.g., summary judgment) | 12/8/11 |
| Motions challenging admissibility of expert testimony | 12/8/11 |
| Motions in limine | 4 weeks before final pretrial conference |
| Proposed jury instructions | 3 days before final pretrial conference |
| Final pretrial conference in chambers | 11/29/11 @ 2:00 p.m. |
| Proposed pretrial order due | 11/22/11 |
| Trial | 4/3/12 @ 9:30 a.m. |

**1.     Alternative Dispute Resolution (ADR).**

a.     By January 18, 2011, plaintiff shall submit to defendants a good faith proposal to settle the case.  By January 31, 2011, defendants shall make a good faith response to plaintiff's proposal, either accepting the proposal or submitting defendants' own good faith proposal to settle the case.  By February 28, 2011, each of the parties shall submit independently, by way of e-mail or letter (preferably the former), addressed to the magistrate judge (but not the district judge), a confidential settlement report.  These reports shall briefly set forth the parties' settlement efforts to date, current evaluations of the case, views concerning future settlement negotiations and the overall prospects for settlement, and a specific recommendation regarding mediation and/or any other ADR method, together with an indication concerning who has been selected by the parties (preferably jointly) to serve as a mediator or other neutral in an ADR process. These reports need not be served upon opposing parties and shall not be filed with the Clerk's Office.  The court may thereafter order participation in an ADR process.

b.     Settlement may be enhanced by use of mediation.  Counsel shall provide the name of an agreed-upon mediator to the court, and the scheduled date of the mediation, as part of the above-described confidential settlement reports; if the parties are unable to jointly agree upon a mediator, each shall suggest a mediator and then the court will select a mediator.  Absent further order of the court, the ADR process shall be held no later than March 14, 2011, before the mediator chosen by the parties or selected by the court.  An ADR report, on the form located on the court's Internet website,  must be filed by defense counsel within five days of the scheduled ADR process

http://www.ksd.uscourts.gov/attorney/adr/adrreport.pdf.

 **2.** **Discovery.**

a. The parties shall exchange by December 16, 2010 the information required by Fed. R. Civ. P. 26(a)(1). In order to facilitate settlement negotiations and to avoid unnecessary expense, the parties have agreed that, without any need for formal requests for production, copies of the various documents described in the parties' respective Rule 26(a)(1) disclosures shall be exchanged or made available for inspection and copying. The parties are reminded that, although Rule 26(a)(1) is keyed to disclosure of information that the disclosing party "may use to support its claims or defenses, unless solely for impeachment," the advisory committee notes to the 2000 amendments to that rule make it clear that this also requires a party to disclose information it may use to support its denial or rebuttal of the allegations, claim, or defense of another party. In addition to other sanctions that may be applicable, a party who without substantial justification fails to disclose information required by Fed. R. Civ. P. 26(a) or Fed. R. Civ. P. 26(e)(1) is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed. *See* Fed. R. Civ. P. 37(c)(1).

b. All fact discovery shall be commenced or served in time to be completed by September 30, 2011. Discovery on experts shall be completed by November 18, 2011.

c. By April 1, 2011, defendants shall serve a detailed disclosure of its asserted claims and infringement contentions, sworn to by an authorized corporate representative and certified by counsel. For each asserted claim, this shall include disclosure of each accused apparatus, product, device, process, method, act, or other instrumentality of which defendants are aware. This shall also include a chart identifying specifically where each limitation of each asserted claim is found within each accused apparatus, product, device, process, method, act, or other instrumentality. For each

claim alleged to have been indirectly infringed, defendants shall identify any act of direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement. Defendants also shall identify whether each limitation of each asserted claim is alleged to be literally present or present under the doctrine of equivalents.  For each patent that claims priority to an earlier application, defendants shall identify the priority date to which each asserted claim allegedly is entitled. With its infringement contentions, defendants shall produce to plaintiff (1) documents sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, or any public use of, the claimed invention prior to the date of the application for the patent in suit; (2) the principal documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date identified in claiming priority to an earlier application; (3) a copy of the file history of each patent in suit; and (4) the principal documents evidencing ownership of the patent rights by the party asserting patent infringement.  In producing these documents, defendants shall separately identify by production number which documents correspond to each category.

      d.      By April 29, 2011, plaintiff shall serve a detailed disclosure of its invalidity contentions, sworn to by an authorized corporate representative and certified by counsel.  This disclosure shall include the identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious, whether each item of prior art anticipates each asserted claim or renders it obvious, and identification of any combinations of prior art showing obviousness. This shall also include any grounds of invalidity based on 35 U.S.C. § 101, indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims. With

its invalidity contentions, plaintiff shall produce to defendants (1) documentation sufficient to show the operation of any aspects or elements of an accused instrumentality identified by plaintiff in its infringement contentions; and (2) a copy or sample of the prior art identified in defendant's invalidity contentions. Plaintiff shall separately identify by production number which documents correspond to each category.

  e. To the limited extent the parties' outstanding contention interrogatories cover the same ground covered by the disclosures described in the two preceding paragraphs, those interrogatories need not be answered.

  f. The parties intend to serve disclosures and discovery electronically, as permitted by D. Kan. Rules 5.4.2 and 26.3.

  g. The court considered he following discovery problem raised by one or more of the parties:   In this case, alleging patent infringement, discovery may take longer than the suggested period of eight months, considering the number of anticipated depositions of witnesses, including experts and non-parties, and the likelihood that some depositions may proceed in Japan. Depositions in Japan may require longer than otherwise, if the use of translators is required.

  h. Consistent with the parties' agreements as set forth in the planning conference report submitted pursuant to Fed. R. Civ. P. 26(f), electronically stored information (ESI) in this case will be handled as follows:  The parties agree that the documents produced during the ITC investigation are deemed produced in the present action, subject to the parties' proposed protective order in this action.  The parties agree to work together to develop a search strategy if any disagreements arise about the scope and content of document production.  Disclosure and production of ESI will be subject to the parties' proposed  protective order, including its "claw-back" provisions regarding

privileged information. The parties agree that metadata associated with ESI will be preserved by the parties. However, the parties agree that ESI need not be produced or disclosed with its accompanying metadata in the ordinary course. Instead, where examination of metadata associated with a particular ESI is reasonably necessary, the parties will work in good faith to produce or disclose the specifically requested metadata, preserving all applicable claims of attorney-client privilege or attorney work product.

  i. Consistent with the parties' agreements as set forth in their Rule 26(f) report, claims of privilege or of protection as trial-preparation material asserted after production will be handled as follows: A provision regarding the disclosure of unintentional production of privileged documents shall be included as part of the parties' protective order, which the parties will submit to the court by December 10, 2010.

  j. No party shall serve more than 25 interrogatories, including all discrete subparts, to any other party.

  k. There shall be no more than 14 depositions by plaintiff and 14 by defendants. These include depositions of experts and non-parties.

  l. Each deposition shall be limited to 14 hours for plaintiff and 14 hours for defendants. Each deposition, other than those depositions taken outside of the United States, governed by the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, and/or require the use of a translator, shall be limited to one day of 7 hours as set forth in Fed. R. Civ. P. 30(d)(1). Those depositions requiring the use of a translator shall be limited to 2 days for a total of 10 hours. To the extent 30(b)(6) depositions involve translated testimony, the parties agree to confer regarding reasonable extensions of the 14 hour time limit for 30(b)(6)

depositions noted above. All depositions shall be governed by the written guidelines that are available on the court's Internet website,

*(http://www.ksd.uscourts.gov/guidelines/depoguidelines.pdf).*

    m.     Disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, shall be served by the party who bears the burden of proof by October 14, 2011, and disclosures and reports by any responsive and/or rebuttal experts by November 4, 2011. This schedule for expert discovery excludes claim construction experts, if any. An alternative schedule for service of disclosures for claim construction experts is detailed below in Section 7 in conjunction with the claim construction schedule. The parties agree that draft expert reports and documents will not be subject to disclosure or production.

    n.     Supplementations of disclosures under Fed. R. Civ. P. 26(e) shall be served at such times and under such circumstances as required by that rule. In addition, such supplemental disclosures shall be served in any event 40 days before the deadline for completion of all discovery. The supplemental disclosures served 40 days before the deadline for completion of all discovery must identify the universe of all witnesses and exhibits that probably or even might be used at trial. The rationale for the mandatory supplemental disclosures 40 days before the discovery cutoff is to put opposing counsel in a realistic position to make strategic, tactical, and economic judgments about whether to take a particular deposition (or pursue follow-up "written" discovery) concerning a witness or exhibit disclosed by another party before the time allowed for discovery expires. Counsel should bear in mind that seldom should anything be included in the final Rule 26(a)(3) disclosures, which as explained below usually are filed 21 days before trial, that has not previously

appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto; otherwise, the witness or exhibit probably will be excluded at trial. *See* Fed. R. Civ. P. 37(c)(1).

      o.    The parties shall serve preliminary witness and exhibit disclosures pursuant to Fed. R. Civ. P. 26(a)(3)(A)(i) & (iii) by February 10, 2011. These disclosures shall provide a realistic listing of the witnesses and exhibits that actually are anticipated to be used during trial of the case instead of merely repeating the initial disclosures under Fed. R. Civ. P. 26(a)(1)(A) (i) & (ii).

      p.    At the final pretrial conference after the close of discovery, the court will set a deadline, usually 21 days prior to the trial date, for the parties to file their final disclosures pursuant to Fed. R. Civ. P. 26(a)(3)(A)(i), (ii) & (iii). As indicated above, if a witness or exhibit appears on a final Rule 26(a)(3) disclosure that has not previously been included in a Rule 26(a)(1) disclosure (or a timely supplement thereto), that witness or exhibit probably will be excluded at trial. *See* Fed. R. Civ. P. 37(c)(1).

      q.    Discovery in this case may be governed by a protective order. If the parties agree concerning the need for and scope and form of such a protective order, their counsel shall confer and then submit a jointly proposed protective order by January 6, 2011. Such jointly proposed protective orders should be drafted in compliance with the written guidelines that are available on the court's Internet website:

      *(http://www.ksd.uscourts.gov/guidelines/protectiveorder.pdf).*

At a minimum, such proposed orders shall include, in the first paragraph, a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c). If

the parties disagree concerning the need for, and/or the scope or form of a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum.

      r.      To avoid the filing of unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for the briefing or hearing of a motion, or for trial. *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(a). Nor does this apply to modifying the requirements of Fed. R. Civ. P. 26(a)(2) concerning experts' reports. *See* D. Kan. Rule 26.4(b).

**3.    Motions.**

      a.      Any motion for leave to join additional parties or to otherwise amend the pleadings shall be filed by February 2, 2011.

      b.      Provided that such defenses have been timely preserved, any motions to dismiss for lack of personal jurisdiction, venue, propriety of the parties, or failure to state a claim upon which relief can be granted shall be filed by March 2, 2011.

      c.      All other potentially dispositive motions (e.g., motions for summary judgment) shall be filed by December 8, 2011.

      d.      All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, shall be filed no later than December 8, 2011.

      e.      Any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 shall be filed and served within 30 days of the default or service of the response, answer, or objection which is the subject of the motion, unless the time for filing such a motion is extended for good

cause shown. Otherwise, the objection to the default, response, answer, or objection shall be waived. *See* D. Kan. Rule 37.1(b).

**4.     Other Matters.**

a.     *Markman* **Claim Construction Procedures.**

    (i)     Exchange of Disputed Claim Terms and Proposed Constructions - By March 4, 2011, parties shall serve on each other a list of claim terms which that party contends should be construed by the court, and identify any claim term which any party believes should be governed by 35 U.S.C. § 112(6). The parties shall also serve proposed constructions for each term it identifies as needing construction. The parties shall meet and confer thereafter to limit the disputes by narrowing or resolving differences.

    (ii)     Joint Claim Construction Statement - By March 25, 2011, the parties shall file a joint claim construction statement, including the terms on which the parties agree, and plaintiff's and defendants' proposed constructions of any disputed terms.

    (iii)     Opening Briefs - By May 10, 2011, the parties shall file their opening briefs and any evidence supporting their proposed claim construction. If Plaintiff or Defendants intends to use an expert witness for claim construction, disclosure required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, shall also be served on May 10, 2011, and a deposition of the claim construction expert shall, if sought, be conducted no later than May 23, 2011.

    (iv)     Responsive Briefs - By May 30, 2011, the parties shall file their responsive briefs and supporting evidence.

       (v)       Technology Tutorial – The parties propose that a technology tutorial be scheduled in advance of the claims-construction determination.

b.       **Claim Construction Hearing.**

       (i)       The Court reserves determination on whether a formal claim construction hearing should be held, as opposed to simply construing the subject patent claims, based upon the written submissions of the parties.

c.       All motions in limine shall be filed no later than 4 weeks before the final pretrial conference.

d.       The parties shall submit proposed jury instructions three days before the final pretrial conference.

e.       Pursuant to Fed. R. Civ. P. 16(e), a final pretrial conference is scheduled for November 29, 2011 at 2:00 p.m. in Room 628, Robert J. Dole U. S. Courthouse, 500 State Avenue, Kansas City, Kansas. Unless otherwise notified, the undersigned magistrate judge will conduct the conference. No later than November 22, 2011, defendants shall submit the parties' proposed pretrial order (formatted in WordPerfect 9.0, or earlier version) as an attachment to an Internet e-mail sent to *ksd_rushfelt_chambers@ksd.uscourts.gov*. The proposed pretrial order shall not be filed with the Clerk's Office. It shall be in the form available on the court's website (*www.ksd.uscourts.gov*), and the parties shall affix their signatures according to the procedures governing multiple signatures set forth in paragraphs II(C) of the *Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases.*

f.	The parties expect the trial of this case to take approximately 5 to 10 days.  This case is set for trial on the court's docket beginning on April 3, 2012 at 9:30 a.m.  Unless otherwise ordered, this is not a "special" or "No. 1" trial setting.  Therefore, during the month preceding the trial docket setting, counsel should stay in contact with the trial judge's courtroom deputy to determine the day of the docket on which trial of the case actually will begin. The trial setting may be changed only by order of the judge presiding over the trial.

g.	The parties are not prepared to consent to trial by a U.S. Magistrate Judge at this time, or as a backup if the assigned U.S. District Judge determines that his or her schedule is unable to accommodate the scheduled trial date.

h.	The arguments and authorities section of briefs or memoranda submitted shall not exceed 30 pages, absent an order of the court.

This scheduling order shall not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated this 21st day of December 2010, at Kansas City, Kansas.

S/ Gerald L. Rushfelt
Gerald L. Rushfelt
U.S. Magistrate Judge

cc:	All counsel and *pro se* parties